IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANTON THURMAN MCALLISTER,     )
                              )
           Plaintiff,         )
                              )
     v.                       )         1:21CV786
                              )
FORSYTH COUNTY SHERIFF        )
DEPARTMENT, et al.,           )
                              )
           Defendants.        )
```

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

After Plaintiff filed a Declaration and Request to Proceed In Forma Pauperis (Docket Entry 1) and a Complaint (Docket Entry 2), the undersigned Magistrate Judge "recommended that Plaintiff's claims alleging an excessive use of force by Defendants Deputy John Doe, Deputy C.S. Johnson, and Deputy C.S. Conrad be allowed to proceed but that all other claims be dismissed . . . for failing to state a claim" (Docket Entry 4 at 12 (all-caps font omitted)). The Court (per United States District Judge Catherine C. Eagles) adopted that Recommendation. (Docket Entry 7.) The undersigned Magistrate Judge thereafter "direct[ed] the Clerk to send Plaintiff summons forms for the remaining Defendants, which Plaintiff properly shall complete (including with addresses suitable for service of process) and shall return to the Clerk by 03/31/2022." (Text Order dated Mar. 1, 2022.) That Text Order warned that "[f]ailure by Plaintiff to comply with th[at] Text Order shall result in the dismissal of the remaining Defendants." (Id.)

Plaintiff timely returned summons forms and the Clerk issued summonses accordingly; however, the United States Marshals Service could not effect service on Defendant C.S. Johnson because Plaintiff apparently had misidentified him/her. (See Docket Entry 15 at 1.) As a result, the undersigned Magistrate Judge ordered "Plaintiff to show cause on or before 06/16/2022, why . . . the Court should not dismiss without prejudice any claim against [Defendant] C.S. Johnson[] . . . for failure to adequately identify a proper defendant and properly complete a summons form as directed in the Text Order dated 03/01/2022, so that service of process [could] occur within the time limits set by Federal Rule of Civil Procedure 4(m)." (Text Order dated May 17, 2022.) Plaintiff did not show cause as directed (or move for more time to do so). (See Docket Entries dated May 17, 2022, to present.)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the [C]ourt." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In light of that failure, the Court should dismiss without prejudice any claim against Defendant C.S. Johnson.

In making that recommendation, the undersigned Magistrate Judge recognizes "that dismissal is not a sanction to be invoked

-2-

lightly." Id.  Generally, before dismissing a case for failure to comply with an order, a court should consider:  "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." Id.  Here, (i) no reason exists to doubt that Plaintiff bears responsibility for this non-compliance; (ii) Plaintiff's conduct and/or inaction prejudices the right of the misidentified Defendant to prompt resolution of the claim against him/her and contravenes Federal Rule of Civil Procedure 4(m); (iii) Plaintiff's failure to respond to the show cause order follows his earlier mis-identification of Defendant C.S. Johnson and failure to properly complete the summons form as directed; and (iv) no other sanction appears adequate.[1]

**IT IS THEREFORE RECOMMENDED** that the Court dismiss without prejudice any claim against Defendant C.S. Johnson, pursuant to Federal Rule of Civil Procedure 41(b).

                                             /s/ L. Patrick Auld
                                                 **L. Patrick Auld**
                                   **United States Magistrate Judge**

June 17, 2022

---

[1] As to that final consideration (and as documented above), the Court explicitly warned Plaintiff that non-compliance would lead to dismissal. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal.  Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse." Ballard, 882 F.2d at 96.

-3-